IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID J. LOVELAND,

                                                OPINION AND ORDER

                   Plaintiff,

                                                20-cv-708-bbc

       v.

DR. HOFFMAN, RN MARYAH MARTIN,
RN ELIZABETH SUTHERLAND, JAMES GREER,
HSU MANAGER HUENKE AND CO II RICK,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff David J. Loveland has filed a civil action under 42 U.S.C. § 1983, contending that health care and security staff at New Lisbon Correctional Institution failed to provide him proper treatment for his high blood pressure. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. As explained below, plaintiff's allegations do not state a constitutional claim against any defendant. Therefore, this case will be dismissed.

      In his amended complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

      Plaintiff David J. Loveland is a prisoner at New Lisbon Correctional Institution. He takes medication for high blood pressure. On May 19, 2020, defendant Elizabeth Sutherland, a nurse, assessed plaintiff in the health services unit on three occasions while

1

distributing medications to him. Plaintiff's blood pressure was elevated during all three medication passes, so Sutherland contacted defendant Dr. Hoffman, the prison physician. Hoffman told Sutherland to have plaintiff taken an extra metoprolol tartrate tablet. When plaintiff returned to his housing unit, he took an extra metoprolol tablet, even though the blister pack stated that he was supposed to take only one tablet per day.

By the time plaintiff returned to the health services unit for evening medication pass, he was experiencing a headache, difficulty breathing, pain, impaired vision, dizziness, swelling and reddened eyes and skin. Nursing staff assessed him and directed that he be taken to the local emergency room. (Plaintiff's complaint does not include any allegations about what treatment he received at the hospital.)

After plaintiff returned to the prison on May 20, 2020, he was placed in quarantine. (Plaintiff does not say why he was placed in quarantine.) Because he was in quarantine, plaintiff did not received his blood pressure medication at the time he normally received it. He told staff that he needed his blood pressure medication right away, but the medications were delayed. Plaintiff experienced headaches and high blood pressure as a result of the delay. At some point on May 20, plaintiff was taken to the health services unit to be assessed by Dr. Hoffman. During the exam, Hoffman told plaintiff to "quit faking." Defendant Maryah Martin was present. After plaintiff was assessed by Hoffman, defendant Rick, a correctional officer, gave plaintiff's medications to him.

Plaintiff later filed an inmate complaint complaining about the medical care he received from Dr. Hoffman.

OPINION

Plaintiff says that he wants to sue all defendants under the Eighth Amendment and state law. The Eighth Amendment's prohibition on cruel and unusual punishment prohibits prison officials from acting with "deliberate indifference" to prisoners' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014). A prisoner states an Eighth Amendment claim based on deficient medical care by alleging that (1) he has an objectively serious medical condition; (2) defendants knew he had a serious medical condition that required treatment; and (3) defendants disregarded his serious medical condition by failing to take reasonable measures to address it. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Plaintiff's allegations suggest that his high blood pressure was a serious medical condition, and that some of the defendants were aware of plaintiff's condition. However, plaintiff's allegations do not suggest that any defendant acted with deliberate indifference to his high blood pressure or any other serious medical need. Nurse Sutherland was concerned about plaintiff's high blood pressure and asked Dr. Hoffman for advice. Hoffman directed plaintiff to take an extra dose of metoprolol, and Sutherland relayed Hoffman's order to plaintiff. Sutherland actions show that she did not ignore plaintiff's medical needs. In addition, as a nurse, Sutherland could not override a doctor's medical prescription, and plaintiff has provided no reason to think that Sutherland thought that the extra dose of metaprolol would harm plaintiff.

3

As for Dr. Hoffman, plaintiff's allegations do not suggest that Hoffman intended to harm plaintiff by ordering the extra dose of metoprolol, that Hoffman thought it likely that plaintiff would suffer serious side effects from the extra dose or even that Hoffman had reason to believe that plaintiff would be harmed by the extra dose.  Rather, plaintiff's allegations suggest that Hoffman knew that plaintiff had taken one dose of metoprolol already, and thought that an extra dose would help plaintiff's condition.  These allegations do not support a claim of deliberate indifference.

Plaintiff's allegation that Hoffman told him to "quit faking" during an examination also does not state a constitutional claim against Hoffman.  Plaintiff does not say that Hoffman denied him treatment during this visit or otherwise harmed him in any way.  Instead, he alleges that he received his medications as a result of the visit.

Plaintiff alleges that defendant Rick, a correctional officer, failed to provide him his medications in a timely manner.  However, plaintiff's allegations do not suggest that Rick delayed plaintiff's medications intentionally, or even that Rick had control over when plaintiff received his medications. Plaintiff alleges that his medications were delayed because he was placed into quarantine in a different unit when he returned from the hospital.  He was give his medications after he was assessed by Dr. Hoffman.  These allegations suggest that CO Rick provided medications to plaintiff as soon as Rick had access to the medications and was approved by the health services unit to provide them to plaintiff.

Plaintiff also named Maryah Martin, a nurse, as a defendant, but the only allegation about Martin in his complaint is that she was present during Dr. Hoffman's examination.

4

This allegation is not sufficient to state a constitutional claim against Martin.

Finally, plaintiff alleges that James Greer, the director of the Bureau of Health Services, and Huenke, the health services unit manager, are responsible for implementing polices that caused his injuries. However, plaintiff does not identify any policies implemented by Greer or Huenke that caused Dr. Hoffman to prescribe an extra dose of metoprolol to him or that caused the delay in his receiving his medications after returning from the hospital. Instead, plaintiff's allegations suggest that Hoffman used his medical judgment to prescribe an extra dose of metoprolol to plaintiff, and that plaintiff's medications were delayed because he was quarantined and needed to be examined by a doctor. For all of these reasons, plaintiff's allegations are not sufficient to state a federal claim against any defendant.

## ORDER

IT IS ORDERED that plaintiff David J. Loveland's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted. A strike shall be recorded under 28 U.S.C. § 1915(g).

Entered this 8th day of October, 2020.

                                        BY THE COURT:

                                        /s/
                                        _____
                                        BARBARA B. CRABB
                                        District Judge